IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SYNTHES USA SALES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 09-00082-KD-N |
| | ) |
| LAURA HANCOCK, | ) |
| | ) |
| Defendant. | ) |

REPORT AND RECOMMENDATION

This action is before the Court on Defendant Laura Hancock's motion (Doc. 12) to dismiss for lack of subject matter jurisdiction. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration, it is recommended that the motion to dismiss be denied.

I.  Background

In its Complaint against Hancock, a former employee, plaintiff, Synthes USA Sales, LLC ("Synthes") seeks damages for Hancock's alleged violations of her post-employment restrictive covenant agreements with Synthes, as well as her statutory and common law obligations. Synthes has specifically pled four distinct causes of action:

> Count I - Breach of contract against Hancock for violation of her post-employment Confidentiality, Non-Solicitation and Non-Competition Agreement (Non-Compete Agreement) with Synthes;
>
> Count II - Breach of contract against Hancock for violation of her Employee Innovation and Non-Disclosure Agreement (Non-Disclosure Agreement) with Synthes;
>
> Count III – Violations of the Alabama Trade Secrets Act; and
>
> Count IV – Defendant Hancock's tortious interference with Synthes existing and prospective business relations.

Attached to the Complaint are copies of the Non-Compete and Non-Disclosure Agreements at

issue.  (*See* Complaint Exhibits A and B).

Defendant moves for dismissal of the complaint on the grounds that plaintiff, Synthes, has failed to meet its burden of "proving the $ 75,000 requirement" for diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

II.     Discussion

"Federal courts are courts of limited jurisdiction. In order to invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $ 75,000." Federated Mut. Ins. Co. v. McKinnon, 329 F.3d 805, 807 (11th Cir. 2003) (quotation and citation omitted); see 28 U.S.C. § 1332(a).  "Facial attacks" on the complaint under Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction, require the district court, as it does in the case of a Rule 12(b)(6) motion, "to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir.1990).  "Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.... [T]he district court has the power to dismiss for lack of subject matter jurisdiction on any of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  McElmurray v. Consol. Gov't of Augusta-Richmond County, 501 F.3d 1244, 1251 (11th Cir.2007) (internal

2

quotations and citations omitted); Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir.2007) ("While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because it strikes a savvy judge that actual proof of those facts is improbable, the factual allegations must be enough to raise a right to relief above the speculative level.")

"Dismissal of a case brought under 28 U.S.C. § 1332 is proper where the pleadings make it clear to a legal certainty that the claim is really for less than the jurisdictional amount." Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir.2002) (citation omitted). Based on language contained in the Non-Compete Agreement[1] Hancock contends that Synthes cannot meet the jurisdictional amount in controversy minimum because it may be "difficult to prove damages." However, the difficulty of proving damages in a civil action has never been the criteria for determining the actual validity of the amount at issue in the litigation.[2]

Hancock relies, in part, Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990), for the proposition that plaintiff's mere assertion in paragraph 7 of the Complaint that "the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" somehow

---

[1] The agreement states, in pertinent part:

> I acknowledge that it would be extremely difficult to measure the damages that might result from any breach by me of this agreement, and that a breach may cause irreparable injury to Synthes or the third-party beneficiaries that could not be compensated by money damages.

(See Complaint Exhibit "B").

[2] As plaintiff notes, the quoted language in the Non- Compete Agreement relates to Count I only – and does not address Counts II through IV of the Complaint which seek recovery for Hancock's alleged violations of the Non-Disclosure Agreement, the Alabama Trade Secrets Act, and tortious interference with Synthes' existing and prospective business relations.

raises a factual issue in and of itself which precludes the Court from examining the Complaint for the mere sufficiency of the allegations of jurisdiction and from presuming those allegations to be true. Hancock has, however, misapplied Lawrence.

Hancock acknowledges that "[f]acial attacks on a complaint 'require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [plaintiff's] complaint are taken as true for purposes of the motion'." However, she mistakenly attempts to equate this action with one in which a factual allegation critical to jurisdiction was drawn into dispute by actual evidence proffered by the party seeking dismissal for lack of jurisdiction. In Lawrence, the critical fact at issue was whether the driver of the government vehicle which caused an accident was acting within the scope of his employment as a government employee at the time of that accident. The Government Agency sued in Lawrence proffered testimonial and documentary evidence challenging plaintiff's assertion about the driver's conduct being within the scope of his employment. In contrast to Lawrence, Hancock has proffered no evidence, either testimonial or documentary, supporting her challenge to plaintiff's assertion that the amount in controversy exceeds $75,000. Rather, Hancock merely argues that she does not believe plaintiff can prove damages in excess of $75,000. The argument is, therefore, merely a facial attack on subject matter jurisdiction which, as acknowledged by Hancock, permits this Court to presume plaintiff's allegations are true.

Synthes alleges that Hancock has breached her post-employment agreements, as well as violated statutory and common law obligations, by calling on her former Synthes customers and working for direct competitors of Synthes in her former Synthes Area of Responsibility. Synthes has further pled that Hancock is selling or attempting to sell medical implant products for

Verticor, Spinewave, Seaspine, and Paradigm Spine, all competitive products and that her actions have caused and/or will continue to cause direct harm to Synthes including, but not limited to, loss of direct market share, goodwill, reputation, and the benefit of the bargain with Hancock through her binding contractual obligations.  Based on the allegations in the complaint it the undersigned finds that Synthes has, in good faith, demanded relief in excess of $75,000 against Hancock for actual, incidental, consequential, and punitive damages, where permitted by law; attorneys fees and costs; and equitable relief as permitted by law.  (*See* Complaint at Prayer for Relief).  Hancock has certainly proffered no evidence to the contrary.

III.   Conclusion

Based on the foregoing the undersigned finds that Synthes has sufficiently pled this Court's subject matter jurisdiction.  It is therefore recommended that Hancock's motion to dismiss for lack of jurisdiction (Doc. 12) be denied.

DONE this 22nd  day of June, 2009.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL
RIGHTS AND RESPONSIBILITIES FOLLOWING
RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  <u>Failure to do so will bar a de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc)</u>.  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

2.
> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recomme<u>ndation should be reviewed de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

3.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**Done** this 22nd  day of June, 2009.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE